Maria **HONORIA DE CASAS DE LEON; Martin Villegas,** Petitioners,

v.

Alberto R. **GONZALES, Attorney General,** Respondent.

No. 05–77069.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted June 5, 2007˙*.

Filed June 14, 2007.

Maria Honoria de Casas de Leon, Pasadena, CA, pro se.

Martin Villegas, Pasadena, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Song Park, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., M. Jocelyn Wright, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Petitioners, Maria Honoria de Casas de Leon and Martin Villegas, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion by denying petitioners' motion to reopen, because the BIA considered the evidence they submitted that their daughter was held back to repeat the first grade and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

The remaining evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (internal quotations and brackets omitted).

Petitioners' contention that the agency deprived them of due process by misapplying the law to the facts of their case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**